UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY AIKENS,

       Plaintiff,

  -v-                                                    17-CV-1244S
                                                        ORDER

C.O. PENKALSKI,

       Defendant.
_____

      *Pro se* Plaintiff Anthony Aikens ("Plaintiff"), a prisoner confined at the Attica Correctional Facility, filed an action seeking relief under 42 U.S.C. § 1983 asserting a religious discrimination claim against Defendant. Presently before the Court is a "Proposed Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," which the Court construes as a request for injunctive relief. (Docket Item 6.)

      Plaintiff's sparse filing seeks to enjoin Defendant from engaging in the following behavior: "assaults, tickets in retaliation, contraband planted in call, mail and legal mail tampered with, and destruction of any personal property." *Id.* Plaintiff submits no allegations in support of this request.

      Rule 65 (b)(1) of the Federal Rules of Civil Procedure provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (b)(1)(A) and (B).

1

"Generally, a party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party*." Mullins v. City of N.Y.*, 626 F.3d 47, 52–53 (2d Cir. 2010) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34–35 (2d Cir. 2010)).

Here, Plaintiff does not demonstrate any effort to notify the Defendant of his request for injunctive relief, nor do his papers demonstrate a likelihood of success on the merits and irreparable injury, or raise any serious questions going to the merits. Moreover, the named Defendant is not alleged to have engaged in any of the actions mentioned in his application. *See Allen v. Brown*, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (finding that the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint) (citing *Sweeney v. Bane*, 996 F.2d 1384, 1388 (2d Cir. 1993)).

Consequently, Plaintiff's request for a temporary restraining order and preliminary injunction (Docket Item 6) is DENIED.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:   August 10, 2018
         Buffalo, NY