UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY AIKENS,                                                **REPORT AND**
                                                                **RECOMMENDATION**

                            Plaintiff,

v.                                                              17-CV-01244(WMS)(JJM)

CO PENKALSKI,

                            Defendant.
_____

        Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se,* alleging that defendant denied him the right to practice his religion in violation of the Free Exercise Clause of the First Amendment. Amended Complaint [3].[1] Before the court is defendant's motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(c) for failure to exhaust administrative remedies [45] and plaintiff's motion for a temporary restraining order ("TRO") [74], which have been referred to me by District Judge William M. Skretny for initial consideration [46]. Having reviewed the parties' submissions [45, 65, 67-69, 72,[2] 73, 74, 75][3] and heard oral argument on June 24, 2019 [77], I recommend that the motions be denied.

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to numbers reflected on the documents themselves rather than to CM/ECF pagination.

[2]     Although this submission was docketed as a letter motion, I have not treated it as a motion, since it contains additional argument in opposition to the motion and does not appear to seek any relief other than the denial of defendant's motion to dismiss.

[3]     Plaintiff repeatedly filed the same submission in response to defendant's motion. *See, e.g.* [52, 61].

## BACKGROUND

The facts are straightforward and undisputed. Plaintiff was housed at Attica Correctional Facility during the relevant period and filed two grievances concerning the claims in this action: Grievances A-69431-17 and A-69436-17. He alleges that he submitted appeals of these grievances to the Central Office Review Committee ("CORC") on October 6 and 17, 2017. Complaint [1], p. 5 and exs. B and C. Plaintiff then commenced this action more than 30 days later on November 30, 2017. Complaint [1].[4] He claims to have not awaited a response from CORC before commencing the action because CORC did not act on his appeals within 30 days as required. Complaint [1], p. 5. Although plaintiff stated at the June 24, 2019 proceeding that he has not yet received from CORC its disposition of Grievance A-69436-17, CORC issued its disposition for that grievance on May 1, 2019, and plaintiff has received a copy of the disposition as part of defendant's submissions. [73], p. 6 of 28 (CM/ECF). However, plaintiff's other grievance (A-69431-17) remains pending with CORC. *See* April 24, 2019 correspondence from the Inmate Grievance Program [68], p. 4 of 6 (CM/ECF).

Defendant argues that plaintiff failed to exhaust his administrative remedies by filing the Complaint before receiving a response to his appeals from CORC, and therefore the action should be dismissed, without prejudice.

## DISCUSSION

**A.     Defendant's Motion to Dismiss**

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought

---

[4]     Plaintiff later filed an Amended Complaint on December 27, 2017 [3].

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules as a precondition to filing a federal lawsuit." Espinal v. Goord, 558 F.3d 119, 124 (2d Cir. 2009). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 95 (2006).

"To satisfy the exhaustion requirement set forth in the [PLRA], a New York State inmate is generally required to follow the grievance procedure prescribed in 7 N.Y.C.R.R. § 701.5. The inmate must submit a grievance . . . to the Inmate Grievance Program ('IGP') supervisor. The grievance is then forwarded to the Inmate Grievance Resolution Committee ('IGRC'), which has sixteen days to resolve it informally or to conduct a hearing. If dissatisfied, the inmate may . . . appeal to the facility superintendent, who has twenty days to render a decision. The inmate then . . . [may] take the final step, an appeal to the [CORC]". Seeley v. Boehlert, 2013 WL 4780908, *3 (W.D.N.Y. 2013). DOCCS regulations require that CORC render a decision on an appeal within 30 calendar days. *See* 7 N.Y.C.R.R. § 701.5(d)(2)(ii) ("[t]he CORC shall review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the grievant . . . within 30 calendar days from the time the appeal was received"). "All three steps of this grievance procedure must be completed before an inmate may commence suit in federal court." Seeley, 2013 WL 4780908 at *3.

The exhaustion requirement is not categorical. "[T]he PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement hinges on

- 3 -

the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1858 (2016). Relevant here, a grievance process may be deemed unavailable where it is "so opaque that it becomes, practically speaking, incapable of use". Id. at 1859. In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it". Id. For example, in Williams v. Correction Officer Priatno, 829 F.3d 118, 126 (2d Cir. 2016), the Second Circuit concluded that that the prison grievance regulations "plainly do not describe a mechanism for appealing a grievance that was never filed" by reason of inaction or obstruction by prison officials, resulting in a situation where "the process to appeal an unfiled and unanswered grievance is prohibitively opaque, such that no inmate could actually make use of it".

"Because non-exhaustion is an affirmative defense, defendants bear the burden of showing that a prisoner has failed to satisfy the exhaustion requirements. Plaintiff must then establish that the IGP grievance procedure was unavailable to him under Ross." Maldonato v. Mandalaywala, 2018 WL 6980962, *8 (N.D.N.Y. 2018), adopted, 2019 WL 132685 (N.D.N.Y. 2019).

Since it is undisputed that plaintiff did not complete the grievance process before commencing suit, the relevant question is whether CORC's delay in resolving the appeals rendered the grievance procedure unavailable to him. "Courts within the Second Circuit are split regarding whether a failure to respond by CORC constitutes unavailability excusing a plaintiff's failure to exhaust." High v. Switz, 2018 WL 3736794, *4 (N.D.N.Y.), adopted, 2018 WL 3730175 (N.D.N.Y. 2018). However, defendant has a different view, arguing that the Second Circuit "answered this question" in Gizewski v. New York State Department of Corrections and Community Supervision, 692 Fed. App. 668 (2d Cir. 2017) (Summary Order). Defendant's Memorandum of Law [45-1], pp.

5-6. There, the Second Circuit affirmed the dismissal of the plaintiff's complaint where he commenced suit approximately two and a half months after filing his appeal and did not receive a response from CORC until approximately eight months later due, in part, to a clerical error. 692 Fed. Appx. at 670. In so holding, the Second Circuit explained that the plaintiff "makes no persuasive argument that administrative remedies were unavailable. The Department of Corrections provided a procedure for administrative remedies, and [he] used it with considerable (though incomplete) success. He was therefore obligated to exhaust those remedies before bringing this action." Id. It further explained that "[e]ven if we assume arguendo that the long delay occasioned in part by clerical error constituted constructive denial" the motion would be denied because the issues raised in the appeal pertained to requests for items that already had been provided to the plaintiff. Id.

As defendant notes, at least one court in this district has relied upon Gizewski to dismiss a Complaint filed more than 30 days after an appeal was filed with CORC without a response. See Loccenitt v. LaBrake, 2018 WL 826850, *3 (W.D.N.Y. 2018) (Geraci, J.) ("a delay in CORC's rendering a decision on Plaintiff's appeal is not a defense to the exhaustion requirement"). However, that is not the lone view within this District or Circuit. Plaintiff relies on several district court cases from within the Circuit (both before and after Gizewski) to argue that CORC's delay rendered the grievance procedure unavailable to him. Plaintiff's Response [65], pp. 3-4 of 8 (CM/ECF) (citing Rodriguez v. Reppert, 2016 WL 11483439 (W.D.N.Y. 2016) (Roemer, M.J.), adopted, 2016 WL 6993383 (W.D.N.Y. 2016) (Arcara, J.); Bell v. Napoli, 2018 WL 6506072, *1 (N.D.N.Y. 2018); High, 2018 WL 3736794).

In Rodriguez, the court concluded that "[u]pon the CORC's failure to decide [the

plaintiff's] appeals within thirty days, [he] had exhausted all administrative remedies available to him". 2016 WL 11483439, *4.  In reaching this conclusion, the court explained that the "grievance procedure does not instruct an inmate on what to do if the CORC fails to decide an appeal within thirty days, making the procedure 'opaque' and 'incapable of use' in this regard . . . . Nor does the grievance procedure provide a mechanism to request the CORC to issue a decision after thirty days have elapsed." Id., *3.

In Bell and High, the courts likewise relied upon the fact that the regulations fail to provide a mechanism for advancing a grievance when a timely response is not received from CORC to conclude that administrative remedies were unavailable, thereby excusing the plaintiffs' failures to exhaust.  See Bell, 2018 WL 6506072 at *7 ("[t]he regulations contain no instructions on how an inmate should proceed if the CORC continues to ignore him after he has been informed that his appeal was 'received'"); High, 2018 WL 3736794 at *5 ("these regulations 'do not describe a mechanism' for appealing or advancing a grievance when a grievant does not receive a response from CORC, as there is no next step to which a grievant may appeal").

Under the circumstances of this case, I conclude that plaintiff's failure to exhaust his administrative remedies should be excused.  While defendant points to the fact that plaintiff "waited at most only a few weeks, if that, after the 30-day period for CORC to respond" to commence this suit (Murphy Declaration [73], ¶6), the rationale of Rodriguez, Bell and High persuades me that CORC's failure to act within the 30-day period prescribed by regulation rendered plaintiff's administrative remedies effectively unavailable under Ross and Williams.  I am particularly influenced by the fact that CORC failed to respond to his appeals "not just during the thirty day time limit, but for a period of numerous months thereafter".  High, 2018 WL 3736794 at *5.  In fact, as of now - almost 19 months after the October 2017 appeals were filed with CORC - no

decision has yet been rendered by CORC on Grievance A-69431-17, and it took approximately 17 months for CORC to issue its decision on Grievance A-69436-17. "[B]y ignoring an inmate's appeal, as it appears to have done in this case, the CORC could delay a plaintiff's exhaustion indefinitely". Bell, 2018 WL 6506072 at *7.

Nor does this conclusion run afoul of Gizewski, which is not controlling. *See* Simon v. Unum Group, 2009 WL 10696108, *2, n. 14 (S.D.N.Y. 2009) ("'[r]ulings by summary order do not have precedential effect' in this Circuit", they are "not binding on this Court", *quoting* Second Circuit Local Rule 32.1(b)); Gorss Motels, Inc. v. Sysco Guest Supply, LLC, 2017 WL 3597880, *4 (D. Conn. 2017) ("summary orders are not controlling"). In any event, it is readily distinguishable. As explained in High, the plaintiff in Gizewski had procedures available: "there was an administrative error in filing the grievant's appeal with CORC and Plaintiff never received a receipt from filing with CORC; the regulations explicitly provide a mechanism for confirming that an appeal has been properly filed if a grievant does not receive a receipt. As such, there was specific direction in the procedures for the grievant to follow." High, 2018 WL 3736794 at *5.  Hence, "the Second Circuit did not and has not decided the precise issue raised on this motion - a claim of failure to exhaust where the plaintiff had taken all steps he could to fulfill the last step of the appeals process".  Id.

Defendant's remaining argument that "state courts have found the [30 day] time period in 7 NYCRR 701.5(d)(3) [*sic*] . . . discretionary" also does not compel a different conclusion. Defendant's Memorandum of Law [45-1], p. 4.  That argument runs contrary to the plain language of 7 N.Y.C.R.R. §701.5(d)(2)(ii), which expressly uses the word "shall". "[S]imply put, 'shall' means 'must,' something mandatory". In re Marcakis, 254 B.R. 77, 82 (Bankr. E.D.N.Y. 2000). "In any event, even if the Court were to rely on the state court cases cited by Defendants . . .

those cases recognize that a violation of the deadline, coupled with a showing of substantial prejudice by the inmate, results in the Department's being ousted of jurisdiction." Monroe v. Kocienski, 2019 WL 409412, *4 n.6 (N.D.N.Y. 2019).

Therefore, I recommend that this motion be denied. As discussed at the June 24, 2019 oral argument, a conference will be scheduled to address the status of discovery. Pending that conference, further discovery and related motion practice shall remain held in abeyance.

**B.     Plaintiff's Motion for a TRO**

By letter motion dated June 4, 2019 plaintiff moved for a TRO alleging that he is "being scheduled for IGRC callouts on the day [he] normally [is] given [access to the] law lib[rary]", and is thus forced to wait until the subsequent week for library access. [74], p. 3 of 5 (CM/ECF). He alleges that this prevents him from litigating this action, and seeks a TRO preventing interference with his law library access. Id.[5]

"The standard for either a temporary restraining order or preliminary injunction is well established in this Circuit: The plaintiff must show 1) irreparable harm and 2) either (a) the likelihood of success on the merits or (b) the existence of sufficiently serious questions on the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the plaintiff." Jeanpierre v. Doorley, 2016 WL 6805081, *3 (W.D.N.Y. 2016). "The moving party bears the burden of establishing his entitlement to injunctive relief." Id.

A "plaintiff is not entitled to unlimited access to the prison law library. Prison administrators have the ability to regulate the time, place and manner of access to the library, so

---

[5]     I denied an earlier motion for injunctive relief [27], without prejudice, based on defense counsel's representation that she would inform plaintiff's facility not to interfere with his ability to litigate the case. *See* February 6, 2019 Text Order [31].

- 8 -

long as those regulations are reasonable." Ragland v. Keane, 1996 WL 655810, *1 (S.D.N.Y. 1996). In order to establish a violation of the right of access to courts, a plaintiff must demonstrate that a defendant caused "actual injury"- *i.e.*, took actions that "hindered his efforts to pursue a legal claim". Lewis v. Casey, 518 U.S. 343, 351 (1996).

At this point, I am not persuaded that plaintiff has satisfied the high burden necessary to establish the injunctive relief he seeks. As I discussed on the record at the June 24, 2019 proceeding, plaintiff's filings, including his June 12, 2019 opposition to defendant's motion to dismiss [75], are replete with various case law and citations to New York regulations demonstrating that he is being afforded reasonable access to the law library. My recommendation that defendant's motion to dismiss be denied, which relies on the authorities cited to me by plaintiff, further evidences that he has not been hindered in presenting his claims. *See* Colon v. Goord, 2007 WL 81922, *2 (N.D.N.Y. 2007) (denying motion for a TRO where the plaintiff failed to demonstrate that he suffered an actual injury due the alleged deprivation of law library access). Therefore, I recommend that this motion be denied, without prejudice.

## CONCLUSION

For these reasons, I recommend that defendant's motion to dismiss [45] and plaintiff's motion for a TRO [74] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 12, 2019. Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or

evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  June 25, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge